IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CRAIG HOLMER,

                    Plaintiff,                    Case No. 3:14 CV 2253

           -vs-

                                             MEMORANDUM   OPINION

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

KATZ, J.

Craig Holmer applied for social security disability insurance and supplemental security income benefits with the Social Security Administration.  After exhausting his available administrative remedies, the Commissioner of Social Security denied Mr. Holmer's applications for benefits.

Mr. Holmer then sought judicial review of the Commissioner's decision.  The case was referred to Magistrate Judge Kenneth S. McHargh for findings of facts, conclusions of law, and recommendations.  The Magistrate Judge issued a report recommending that the Court affirm the Commissioner's decision denying Mr. Holmer's applications for benefits.  This matter is before the Court pursuant to Mr. Holmer's timely objections to the Magistrate Judge's report.  (Doc. No. 20).

The Court has jurisdiction over the Commissioner's final decision denying Mr. Holmer's request for benefits pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832 (6th Cir. 2006).  In accordance with *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a de novo determination of the Magistrate Judge's report.  For the reasons stated below, the Court adopts the report and affirms the Commissioner's denial of benefits.

## I.  Standard of Review

The Court conducts a de novo review of those portions of the Magistrate Judge's report to which Mr. Holmer objects.  28 U.S.C. § 636(b)(1).  In so doing, the Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence.  42 U.S.C. § 405(g).  This Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  The Court does not re-weigh the evidence, but must affirm the Commissioner's findings as long as there is substantial evidence to support those findings, even if this Court would have decided the matter differently, and even if there is substantial evidence supporting the claimant's position.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  Substantial evidence is more than a scintilla of evidence, but less than a preponderance.  *Id*.  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Kyle v. Comm'r of Soc. Sec*., 609 F.3d 847, 854 (6th Cir. 2010) (citations and internal quotation marks omitted).  The Commissioner's decision is not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.  *Id*. at 854–55.

## II.  Discussion

Mr. Holmer has not objected to the Magistrate Judge's factual summary of the case as set forth on pages one through nine of the report.  Therefore, the Court adopts the Magistrate Judge's summary of the facts.  Mr. Holmer's sole objection to the Magistrate Judge's report is that the ALJ failed to address any listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Because of this error, Mr. Holmer argues a remand to the Commissioner for further analysis is

required.

The Social Security Administration regulations require an ALJ to follow a five-step

sequential analysis in making a determination as to disability. *See* 20 C.F.R. §§ 404.1520(a),

416.920(a). The Sixth Circuit has summarized the five steps as follows: 1) If a claimant is doing

substantial gainful activity, he is not disabled; 2) If a claimant is not doing substantial gainful

activity, his impairment must be severe before he can be found to be disabled; 3) If a claimant is

not doing substantial gainful activity and is suffering from a severe impairment that has lasted or

is expected to last for a continuous period of at least twelve months, and his impairment meets or

equals a listed impairment, the claimant is presumed disabled without further inquiry; 4) If a

claimant's impairment does not prevent him from doing his past relevant work, he is not disabled;

and 5) Even if a claimant's impairment does prevent him from doing his past relevant work, if

other work exists in the national economy that accommodates his residual functional capacity and

vocational factors, he is not disabled. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th

Cir. 2001).

Regarding step three of the evaluation process, the ALJ found: "The claimant does not

have an impairment or combination of impairments that meets or medically equals the severity of

one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." (Doc. No. 11, p.

17). The ALJ further explained:

> The undersigned considered whether the claimant's impairments were of the type or
> severity to meet or equal any of the listed impairments found in 20 C.F.R. Part 404,
> Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). After
> considering his treatment records and the other evidence of record as discussed in the
> residual functional capacity section below, the undersigned determined that the

3

claimant's impairments were not of the type or severity to meet or equal any of the listed physical impairments found within the above referenced impairments.

(Doc. No. 11, p. 17).

Citing *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411 (6th Cir. 2011), Mr. Holmer contends that the ALJ's failure to discuss any listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1 was legal error requiring a remand.  (Doc. No. 20, p. 4).  The Court disagrees.  In *Reynolds*, the ALJ identified two possible sections of the listings which the claimant could potentially meet.  *Reynolds*, 424 F. App'x at 415 (the claimant could meet alone or in combination sections 1.00 or 12.00 of the listings).  Although the ALJ did an analysis of whether Reynolds met an impairment found in section 12.00, the ALJ failed to analyze Reynolds's impairments under section 1.00.  *Id*. at 415–16.  Because of the ALJ's failure to examine Reynolds's impairments under section 1.00 after identifying the possible applicability of that section, the Sixth Circuit remanded the case to the ALJ for further proceedings.  *Id*. at 419.

*Reynolds* is not applicable to this case.  The ALJ explained that he found no listed impairment in Appendix 1 which Mr. Holmer met or equaled.  *Reynolds* does not require an ALJ to discuss every listed impairment in Appendix 1 to see if the claimant satisfies a particular impairment.  *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014).  The ALJ's explanation is sufficient for the Court to conclude that the ALJ conducted the proper step-three analysis and that after this review, Mr. Holmer's conditions failed to meet a listed impairment.  "To require a more elaborate articulation of the ALJ's thought processes would not be reasonable." *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  In addition, Mr. Holmer has failed to show that his impairments meet or are medically equal in severity to any listed impairment found in Appendix 1.  *Forrest*, 591 F. App'x at 366.

4

### III.  Conclusion

Accordingly, Mr. Holmer's objection to the Magistrate Judge's report is overruled.  The Magistrate Judge's report and recommendation is adopted and the Commissioner's denial of Mr. Holmer's applications for social security disability insurance and supplemental security income benefits is affirmed.

IT IS SO ORDERED.

 s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE
